UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| LAURA BETH CZERWINSKI, ) | CASE NO. 1:10 CV 51 |
| DONALD MICHAEL CZERWINSKI ) | |
| ) | |
| Plaintiffs, ) | |
| ) | JUDGE SOLOMON OLIVER, JR. |
| v. ) | |
| ) | MEMORANDUM OF OPINION |
| BANK OF AMERICA, *et al.*, ) | AND ORDER |
| ) | |
| Defendants. ) | |

*Pro se* plaintiffs Laura Beth Czerwinski and Donald Michael Czerwinski filed this action under the Fair Debt Collection Practices Act, 15 U.S.C. §1601, the Fair Credit Reporting Act, 15 U.S.C. § 1681, and the Uniform Commercial Code, 31 U.S.C. § 5118, against Bank of America and BAC Home Loan Services ("BAC"). In the complaint, the Czerwinskis assert that the foreclosure action filed against their property in state court was unlawful. They seek an order enjoining the defendants from collecting on the judgment of foreclosure, removal of all liens and transfer of title to the plaintiffs free and clear, and monetary damages.

Plaintiffs also filed an Application to Proceed In Forma Pauperis. That Application is granted.

**Background**

Although there are numerous pages to the Complaint and the Judicial Notice, the

plaintiffs include very few factual allegations. The Judicial Notice contains a copy of a mortgage note from Countrywide Bank ("Countrywide") in the amount of $116,375.00 signed by Laura Czerwinski on November 1, 2007. (Judicial Not. at 6.) The loan was secured by a parcel of property located at 60 Park St., Orwell, OH 44076-9562. Monthly payments in the amount of $784.00 were to be made to Countrywide at P.O. Box 660694, Dallas Texas 75266-0694 beginning December 1, 2007 and ending November 1, 2037. At some point thereafter, Laura Czerwinski stopped making regular monthly payments and the mortgage went into default.

The Cerwinskis argue that they are no longer obligated to make payments on the mortgage. They contend that the banking system in the United States is not based on the exchange of actual currency. Instead, the system is based on electronic debits and credits supported largely by the banks' own credit. When funds are advanced to a borrower, that the loan is not supported by the deposits of other bank patrons, but instead is supported by the bank itself. They assert banks transact business with one another through extensions of credit. They contend that mortgage notes dictate that payments be made in the form of legal tender, which leaves open the question of what constitutes repayment.[1] If another bank were to repay the obligation, the lending bank would accept a credit transaction. They claim it is inequitable to allow the bank to extend credit for the loan to another bank, but to require the borrower to repay in legal tender. They argue that they also are able to pay the loan obligation through a credit transaction and that cash is no longer legal tender for the payment of debts.

The Cerwinskis arranged for such a payment to be made. On March 25, 2009, they

---

[1] The Note signed by Ms. Czerwinski specifies that all payment under the Note be "in the form of cash, check, or money order." (Judicial Not. at 6.) It does not use the phrase "legal tender" to define the terms of payment.

contracted with "The Private Bank of Denny Ray Hardin" in Kansas City Missouri to pay Countrywide the amount of $115,020.60 in negotiable instruments as payment in full of their loan. "The Private Bank of Denny Ray Hardin" issued a "bonded promissory note" to Countrywide on April 6, 2009. Countrywide did not accept the promissory note as payment of the loan obligation. Mr. Czerwinski sent a Cease and Desist letter to Countrywide on May 6, 2009 informing the bank that it had failed to dishonor the promissory note and the mortgage was therefore paid in full. He stated that any further attempts to collect the debt would be considered violations of the Fair Debt Collections Practices Act. A second Cease and Desist letter was sent to Countrywide on August 10, 2009 followed on August 12, 2009 by a Constructive Notice Pursuant to the Fair Debt Collection Procedures Act, the Truth in Lending Act and the Uniform Commercial Code. Countrywide nevertheless continued to attempt to collect mortgage payments from Ms. Czerwinski. The mortgage was sold to Bank of America on August 31, 2009.

BAC determined the mortgage was in default, and filed a foreclosure action in the Ashtabula County Court of Common Pleas on September 19, 2009 against Laura Czerwinski, her husband Donald Czerwinski, and the Ashtabula County Treasurer. BAC made numerous attempts to serve the Czerwinskis, who refused service via process server, certified mail and regular mail. *See BAC Home Loan Services v. Czerwinski*, No. 1:10 CV 46 (N.D. Ohio remanded Mar. 5, 2010)(O'Malley, J.) BAC filed a Motion for Default Judgment on December 28, 2009. The Ashtabula County Court of Common Pleas granted the Motion and issued a Decree of Foreclosure on January 7, 2010. Shortly thereafter, on January 21, 2010, the Czerwinskis filed a Motion to Vacate and Set Aside Judgment, and a Notice of Removal. *See Id.* In each of these filings, the defendants list their address for service as c/o 60 Park St., Orwell, OH 44076-9562. In the Notice

of Removal, the Czerwinskis alleged they were unaware of the foreclosure action until January 19, 2010. The Notice of Removal, Case, No. 1:10 CV 46 (N.D. Ohio remanded Mar. 5, 2010)(O'Malley, J.), was assigned to United States District Judge Kathleen M. O'Malley. She determined the Removal was untimely, and remanded the case to the Ashtabula County Court of Common Pleas on March 5, 2010. *See Id.*

In addition to filing a Notice of Removal to federal court, the Czerwinskis filed the within civil action against Bank of America and BAC Home Loan Services. They assert the defendants cannot proceed with the foreclosure action now pending in the Ashtabula County Court of Common Pleas because the defendants failed to produce the original mortgage note with ink signatures. They only provided a copy. They claim the defendants refused to dishonor the promissory note. They claim "lawful money no longer is available for payment of debt in our economic system. Notes are considered as Legal Tender." (Compl. at 4.) They assert that the failure to accept the promissory note as payment of the mortgage is "dishonor in commerce, fraud, theft of public funds, racketeering, and conspiracy." (Compl. at 5.) They assert the defendants violated the Fair Credit Reporting Act by indicating on their credit report that they are in default of their mortgage. They claim this information is inaccurate since they paid with a promissory note. They assert the defendants violated the Fair Debt Collection Practices Act by continuing to attempt to collect a debt after the promissory note had been submitted to them. The Czerwinskis seek an Order from this Court enjoining the defendants from pursuing collection of the mortgage, an award of monetary damages, and removal of all liens on the property.

**Analysis**

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S.

4

364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.² *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). For the reasons stated below, this action is dismissed pursuant to §1915(e).

The plaintiffs are in essence asking this court to decide matters pending before the Ashtabula Court of Common Pleas and enjoin Bank of America and BAC from proceeding with the foreclosure action. This Court cannot grant the requested relief. A federal court must decline to interfere with pending state proceedings involving important state interests unless extraordinary circumstances are present. *See Younger v. Harris*, 401 U.S. 37, 44-45 (1971). When a person is the target of an ongoing state action involving important state matters, he or she cannot interfere with the pending state action by maintaining a parallel federal action involving claims that could have been raised in the state case. *Watts v. Burkhart*, 854 F.2d 839, 844-48 (6th Cir.1988) If the state defendant files such a case, *Younger* abstention requires the federal court to defer to the state proceeding. *Id*; *see also Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 15 (1987). Based on these principles, abstention is appropriate if: (1) state proceedings are on-going; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to

---

² An *in forma pauperis* claim may be dismissed *sua sponte*, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997); *Spruytte v. Walters*, 753 F.2d 498, 500 (6th Cir. 1985), *cert. denied*, 474 U.S. 1054 (1986); *Harris v. Johnson*, 784 F.2d 222, 224 (6th Cir. 1986); *Brooks v. Seiter*, 779 F.2d 1177, 1179 (6th Cir. 1985).

raise federal questions. *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982). Abstention is mandated whether the state court proceeding is criminal, quasi-criminal, or civil in nature as long as federal court intervention "unduly interferes with the legitimate activities of the State." *Younger*, 401 U.S. at 44.

All three factors supporting abstention are present in this case. The matters presented in the complaint are clearly the subject of a state foreclosure matter, which are of paramount state interest. *Doscher v. Menifee Circuit Court*, No. 03-5229, 2003 WL 22220534 (6th Cir. Sept. 24, 2003)(finding that *Younger* abstention was required in plaintiff's challenge to a state court foreclosure action). The Court notes that the state court vacated the default judgment against the Czerwinskis so they will have the ability to assert their arguments in those proceedings. This Court must abstain from interfering in that state court action.

## Conclusion

Accordingly, Plaintiffs' Application to Proceed <u>In Forma Pauperis</u> is granted and this action is dismissed pursuant to 28 U.S.C. §1915(e). The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[3]

IT IS SO ORDERED.

/s/***SOLOMON OLIVER, JR.***
CHIEF JUDGE
UNITED STATES DISTRICT JUDGE

---

[3] 28 U.S.C. § 1915(a)(3) provides:

An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.